## FRANKLIN v. McGUIRE, Adm'r, &c.

1. Where money is paid by the defendant, *after the appearance term of the plaintiff's action*, upon an execution issued on a judgment rendered against him as the surety of the plaintiff, in favor of a third person, the defendant cannot avail himself of such payment, either as a payment or set off.

2. The mere fact that the mother-in-law was the surety of her son-in-law, in a promissory note given by him, for corn purchased for the use of his family, of which she was a member, will not repel the inference that she was chargeable to the son-in-law for board; and the payment of the note, after her death, by her administrator, will not have any greater effect.

Writ of error to the Circuit Court of Talladega.

THIS was an action of assumpsit, at the suit of the plaintiff in error. The declaration contains several counts: 1. For boarding and lodging the intestate and her servant, at her instance and request. 2. For money paid, laid out and ex-

pended.   3.  For money had and received.   4.  Upon an account stated.   The cause was tried upon the general issue, with leave to give in evidence any matter that might be specially pleaded in bar; a verdict was returned for the defendant, and judgment was thereupon rendered.   From a bill of exceptions sealed at the instance of the plaintiff, it appears that the defendant's intestate was the mother-in-law of the plaintiff, and an aged and infirm woman; that in 1839, '40 and '41, she lived at the plaintiff's house, which had been erected on public land; that the plaintiff was a poor man of very limited credit, with a large family.   The intestate was the owner of a negro boy, woman and mule, which were at plaintiff's house, and in his employment, "a good part of the time" that intestate lived with him.   Early in 1842, the intestate bought a small tract of land near where the plaintiff then lived, to which the plaintiff removed, built a house and made other improvements thereon.   The intestate and a part of her property remained with the plaintiff until February or March, 1844, when she died.   During the time she lived with the plaintiff, she bought some provisions which were used by him, and in his family, and authorized some merchants to furnish articles to plaintiff and charge them to her.

The defendant then offered to prove, that before her death she signed a note as surety for the plaintiff, payable to one Fuller, the consideration of which was corn bought of him "by plaintiff for his use."   This note was sued to judgment and an execution issued thereon, against the assets in defendant's hands, and paid by him in November, 1845, after the appearance term in this cause.   The plaintiff objected to each part of the testimony thus offered, but his objection was overruled, and it is added, "this proof was offered to repel the idea of an implied contract of the intestate to pay plaintiff board."

S. F. RICE, for plaintiff in error, made the following points: 1.  Matter of defence arising *after issue* joined, must be pleaded *puis darrein continuance*, and cannot be given in evidence under the general issue.   [Burns v. Hindman, 7 Ala. Rep. 531.]

2.  The contents of notes, judgments and executions can-

not be proved by parol, until a predicate is laid by accounting for the non-production of the instruments themselves. [Morgan & Patrick v. Smith, 7 Ala. R. 185; Smith v. Armistead's Ex'rs, 7 Ib. 698.]

3. As the contents of *t*hese instruments were were *prima facie* inadmissible, and as the predicate was not laid for the introduction of the evidence, there was error in admitting the proof. [Mardis v. Shackleford, 4 Ala. R. 501.]

4. The declared purpose for which this illegal evidence was offered, ("to repel the idea of an *implied* contract to pay board,") cannot cure the error, but aggravates it by its inevitable tendency to mislead the jury. It is founded on the assumption that the mere act of one person becoming surety for another, tends to prove that the *principal* should not have compensation for *boarding the surety.*

F. W. Bowdon, for the defendant in error. 1. Matters of *defence* arising after issue joined, must be pleaded *puis darrein continuance*, but *matters* accruing *after* the commencement of the suit, are competent to show the existence of facts *before* that time. Such is this case. There is a difference between the *time* of the occurrence of any matter, and the time of *discovering.* or manifesting its existence.

2. In this case there was no effort to prove the contents of notes, judgments, or executions. The record shows that certain facts were proved, but does not disclose the *grade, manner,* or *character* of the proof; and in the absence of such disclosure, the court will intend that competent and *legal* proof was made. If otherwise—the fact should *appear.* [Duffee v. Pennington, 1 Ala. R. 508.]

3. By certain facts, the plaintiff sought to charge defendant's intestate on an *implied* contract for board; the evidence for defendant clearly tended to *rebut* the idea of such implied contract; and raised quite as strong an inference that defendant's intestate was furnishing plaintiff with board.

COLLIER, C. J.—The proof of payment by the defendant, of the judgment recovered upon the note in which the intestate was the surety for the plaintiff, was not admissible

on the trial below, to show a payment or a set off against the plaintiff's demand. In point of fact it did not amount to the former, and as a set off was not available under an issue framed previous to the time the judgment was satisfied. True, the evidence does not explicitly show that the issue was actually joined, when the money was paid by the defendant, yet we must intend this to be so, as the statute requires the pleadings to be made up at the appearance term, and a party is not permitted afterwards to plead, except under special circumstances.

But the bill of exceptions informs us, that this testimony was offered to repel the inference of an *implied contract* on the part of the intestate to pay the plaintiff for board. We are unable to perceive upon what principles of reasoning such a presumption can be indulged. Can it be predicated of the mere fact of suretyship, or of the payment of the debt, or both? Certainly not of the former; for the signing of the note only indicates that the intestate confided in the plaintiff, or was willing to assist him in obtaining a credit. The payment of the money was made after the intestate's death, under legal coercion; and consequently proves nothing as to the circumstances under which the intestate lived with the plaintiff. We are then, constrained to conclude that the testimony was improperly admitted, and if the purpose for which it was adduced was announced, as we must suppose it was, in the hearing of the jury, its admission, after objection made, was well calculated to mislead them.

Under appropriate issues, all the evidence recited might perhaps be admissible; but we must consider the cause as presented by the record. In this view the judgment must be reversed, and the cause remanded.